SOLOMON SACHS

*v.*

HIGH CLOTHING COMPANY.

[Decided April 22d, 1919.]

1. One, who in order to secure the action of the court in his own interests, presents at one time an affidavit setting up a certain state of facts and thereafter in his own interests, in order to secure the action of the court, presents another affidavit setting up a different state of facts, is guilty of contempt.

2. In proceedings to punish for contempt to impose upon the court by perjured affidavits, where two affidavits filed by the respondent set up a contradictory state of facts, it is immaterial which affidavit represents the true facts. ·

On bill, &c.

*Mr. William Harris,* for the complainant.

*Mr. Isidor Kalisch, pro se.*

*Mr. William A. Lord,* for the defendant.

LANE, V. C.

The application is to compel the receiver to account for certain moneys which he had paid out under the orders of this court. The charge of the applicant is that an arrangement was made that certain claims, among them, the claim of one Lichtman for $1,000, should be held until established at law or by this court. I have no difficulty whatever in dealing with the application and in denying it upon the record. An order was originally made upon the application of Staw, the present applicant, under the sixty-ninth section of the Corporation act directing the receiver to make certain payments and then turn the assets of the corporation back to it. There was no attempt to induce the court to

35

change the directions of the order, nor do I believe that any arrangement was attempted between the parties under which the terms should be considered changed. This is not what I consider the important matter now before the court. The petition made to the court by Staw upon which the order was based contained the following language:

"Section 7. That the liabilities of said corporation consist of the following * * * (2) Money owing to creditors on guarantees and notes which are endorsed by Solomon Sachs and which debts are to be paid immediately upon the dismissing of the proceedings heretofore instituted by Solomon Sachs against the High Clothing Company, Inc., as is set forth in schedule B hereto attached and made a part hereof."

That petition was sworn to on the 7th of February, 1919, by Benjamin Staw and his brother. The affidavit is that "they are the petitioners named in and who subscribed the foregoing petition and know the contents thereof and that the same is true." Schedule B, referred to, contains the claim of Lichtman for $1,-000. An affidavit was made by Benjamin Staw on the 20th of March, 1919, before William Harris, as a master in chancery, in paragraph 5, subdivision a, of which Lichtman is referred to as a creditor of the High Clothing Company, and subdivision b, of which reads as follows:

"(b) Deponent further says that he has made arrangements with the following creditors to pay all of their claims in full to date, by paying them the following amounts, to wit, Africk & Lichtman, $1,000."

In the affidavit upon which the present application is based, verified April 17th, 1919, Benjamin Staw swears that the claim of Lichtman for $1,000 is false and fraudulent. He also swears that he never authorized the receiver to pay the claim, notwithstanding his affidavit which was sworn to on the 20th of March, 1919. One or the other of the statements of Staw is palpable perjury, at least, it so appears now. His excuse is that he was advised by his counsel when he made the first affidavit to keep still about the real facts until after this court had made its order. That excuse, of course, only adds to the offence. I am of the opinion that in the interests of justice this man should be called

to account. Perjury of this kind has got to stop, and people when they make affidavits must understand that, if it is demonstrated that they are testifying falsely, they will be called to account by this court. I direct counsel to take an order to show cause requiring Staw to show cause why he should not be adjudged guilty of and punished as for a contempt of this court for his perjury, and also in endeavoring to induce this court to make an order upon perjured testimony which would interfere with the due administration of justice.

———

[Decided April 25th, 1919.]

LANE, V. C.

When application was made to this court under the sixty-ninth section of the Corporation act to turn back the assets of the corporation Staw represented, under oath, that the claim of Lichtman for $1,000 was an indebtedness and that he had arranged for its liquidation. On his verified petition an order to show cause was allowed directed to all directors and stockholders. The statements contained in that petition were all material. The care with which this court acts in cases of this nature is illustrated by *Sullivan v. Newark Lunch Room Company, 89 N. J. Eq. 146.* Staw, in order to move this court to surcharge the receiver, has presented an affidavit in which he swears that the Lichtman claim was not a valid obligation of the corporation; that he was advised by his counsel when he made the affidavit to keep still about the real facts until after this court had made its order; that he did conceal the real facts in order to secure an advantage for himself. In other words, he has under oath taken two diametrically opposite positions. I have already found that he is entitled to no relief upon this second application, but that does not dispose of the charge for contempt. It seems to me to be immaterial whether the statements contained in his first affidavit or in his second represent the true facts. By one or the other affidavit he has attempted to impose upon the court and the statements contained in one or the other are false. This is not a case where

a person has committed perjury and attempts to recant. In such a case the court, in view of the circumstances, might not feel inclined to punish as for a contempt. One who has repented and is endeavoring to set himself right, is entitled to every consideration, but, as I have above indicated, that is not this case. Staw took the position he did originally, because at that time it was in his interests to do so. He takes the position that he does now because it is now in his interest to do so, and both positions he takes under oath. While in a prosecution for perjury it might be necessary to determine which one of the statements of respondent is the true one, it is not necessary in this proceeding to punish for contempt. In any event, he has been guilty of attempting to impose upon the court by false affidavits and his conduct constitutes contempt. *Edwards* v. *Edwards, 87 N. J. Eq. 546.*

The respondent will be adjudged guilty of contempt and the matter of his punishment will be deferred.