The petitioner applied for leave to file claims with the receiver, as an alleged creditor of the defendants, after order barring creditors. He presented two affidavits in support of his petition, one dated October 10th and the other October 20th, 1930. Such affidavits contain variances of alleged facts stated therein. Upon my attention being directed thereto I required the petitioner to testify orally with respect to the truth thereof. He appeared with his counsel, was examined, and was afforded ample opportunity to be heard in his own behalf. I am convinced that the petitioner's application should be denied. It is apparent from the proofs herein that the petitioner has no just claim against either of the defendant corporations. If he considered he had a just claim against either corporation he might have presented same to *Page 248 
the receiver prior to the making and entry of the order barring creditors. His failure so to do is due to inexcusable lack of diligence. He is the complainant in the suits in which the defendant corporations were adjudged insolvent. He sued as a stockholder. No mention is made in the bill of complaint of his being a creditor. He was an officer of both defendant corporations, and business manager thereof. He has been represented alternately by three different solicitors. No claim was presented to the receiver by him, or in his behalf, by either of the first two solicitors representing him. The petition herein was presented by his present solicitor. It is manifest from the proofs herein that the petitioner, in affidavits filed, wittingly made false statements of alleged claims of indebtedness. Upon being orally examined as to the truth of matters stated in his affidavits as to his alleged claims against the defendant corporations, he admitted the untruthfulness thereof, but endeavored to minimize the effect of his false statements by characterizing same as misstatements. He aggravated his conduct, in my judgment, by explaining that he considered that the defendant corporations were indebted to him, notwithstanding he well knew that the corporations were not indebted to him. He falsely stated he had advanced moneys to and for the defendant corporations. The proofs herein disclose that instead of the petitioner being a creditor of the defendant corporations he is largely indebted to them. It is a serious matter for any person to wittingly attempt to deceive the court. Deception or attempted deception of the court in judicial proceedings has become too common a practice, especially through the medium of ex parte
affidavits filed. Courts have been too tolerant in matters of perjury. Where, as in the case sub judice, the perjurious statements by which the petitioner attempted to deceive the court are clearly demonstrated, and admitted by the petitioner, the court would be remiss in its duty if it failed to punish such perjury as contempt. Edwards v. Edwards, 87 N.J. Eq. 546. I am impelled in the instant case to take cognizance of the offense of which the petitioner is guilty and to impose such punishment upon him as may impress him that perjurious *Page 249 
statements in affidavits filed with the court will not be wittingly countenanced. I am constrained to take such action herein as will tend to uphold the administration of justice and the dignity of the court, mete out such punishment to the offender as may serve as a deterrent to him and to others against future like offenses, and thereby impress him and others that they cannot trifle with the court. Sachs v. High Clothing Co.,90 N.J. Eq. 545; Edwards v. Edwards, supra.
For the reasons above stated I adjudge the petitioner, Franklyn E. Backer, guilty of perjury, and of having thereby contemned the dignity of this court in facie curiae. I will advise an order that Backer be committed to the common jail of the county of Hudson to be therein confined for a period of thirty days. I will also advise an order denying petitioner's application to file claims with the receiver.